**RUI FANG ZOU, Petitioner,**

v.

**Alberto R. GONZALES,[1] Attorney General of the United States, Respondent.**

**No. 04–1672–AG.**

United States Court of Appeals, Second Circuit.

Feb. 1, 2006.

Katya Plotnik, Flushing, New York, for Petitioner.

Kathleen M. Mehltretter, Acting United States Attorney for the Western District of New York, Richard D. Kaufman, Assistant United States Attorney, Buffalo, New York, for Respondent.

PRESENT: Hon. AMALYA L. KEARSE, Hon. SONIA SOTOMAYOR, and Hon. B.D. PARKER, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the petition for review of the order of the Board of Immigration Appeals ("BIA") is DENIED.

Petitioner Rui Fang Zou ("Zou") petitions for review of the BIA's March 10, 2004 order denying her application for asylum, withholding of removal, and Convention Against Torture ("CAT") relief. We assume the parties' familiarity with the underlying facts and procedural history of this matter.

This Court reviews the immigration judge's ("IJ") decision where, as here, the BIA summarily affirms or adopts the IJ's decision without opinion. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for for- mer Attorney General John Ashcroft as the respondent in this case.

standard, overturning the factual finding only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir. 2004). An adverse credibility determination by the agency must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Id.* at 74 (quoting *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003) (internal quotation marks omitted)). Although minor and isolated inconsistencies "need not be fatal to credibility," *Diallo v. INS*, 232 F.3d 279, 288 (2d Cir.2000), a reasonable adjudicator would not be compelled to find otherwise where an adverse credibility determination is based on inconsistent statements about material matters, *see Zhou Yun Zhang*, 386 F.3d at 74.

The IJ based her adverse credibility determination on two grounds that were supported by substantial evidence. First, Zou admitted that when asked during her airport interview why she had left China and if she feared returning to China, she failed to disclose her alleged forced abortions in China and instead simply indicated that she had left China for economic reasons and feared returning for the same reason. The IJ was not compelled to accept Zou's explanation that she feared disclosing her abortions during her airport interview. Second, during her credible fear hearing, Zou described her initial detention for an abortion as lasting four days in a hospital. However, during her testimony, Zou described her detention as occurring in a village office before she was taken to a hospital. Because the inconsistencies that the IJ relied upon involved matters central to Zou's claim, they were sufficient to sustain the IJ's adverse credibility finding despite the IJ's improper speculations concerning other matters. *See Secaida–Rosales*, 331 F.3d at 307.

Because claims for withholding of removal face a heavier burden of proof than claims for asylum, *see Zhou Yun Zhang*, 386 F.3d at 71, an applicant who fails to establish eligibility for asylum necessarily fails to establish eligibility for withholding where, as here, the applicant's testimony is the only evidence that his or her "life or freedom would be threatened" in the home country. 8 U.S.C. § 1231(b)(3)(A). Zou waived her claim to CAT relief as she did not raise it in her brief to this Court. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n. 7 (2d Cir.2005)

For the foregoing reasons, the petition for review is denied.